UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JONATHAN JOHNSON,<br><br>          Defendants. | Hon. Ketanji Brown Jackson<br><br>Criminal No. 21-CR-008 (KBJ) |

**DEFENDANT'S MOTION TO SUPPRESS TANGIBLE PHYSICAL EVIDENCE AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Jonathan Johnson, by and through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial any and all evidence seized by law enforcement agents from Mr. Johnson's cellular phone in violation of the Fourth Amendment.

As grounds for this motion, Mr. Johnson, through counsel, states:

1.      Jonathan Johnson is charged by indictment with a single count of Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

2.      Mr. Johnson was arrested on suspicion of unlawful possession of a firearm on December 29, 2020. At the time of his arrest, MPD officers seized two cellular devices from Mr. Johnson's person.

1

3.  Defense counsel filed a motion for return of the cell phones on January 29, 2021, 30 days after their initial seizure. Despite that passage of time, the government had not sought nor obtained a warrant to search the cellular devices at that time.

4.  It was not until March 12, 2021 – 73 days later after their initial seizure – that the affidavit in support of a search warrant was signed by MPD Officer Brandon Dean and submitted to the court.

5.  On March 13, 2021, a United States Magistrate Judge issued a search warrant authorizing a search of the two cellular devices taken from Mr. Johnson's at the time of his arrest.

6.  The affidavit titled "Affidavit in Support of an Application Under Rule 41 for a Warrant to Search and Seize" ("Affidavit") consisted of twenty-seven (27) pages. The bulk of the information in the Affidavit relates generically to cellular devices and the plethora of information contained within them. It further discussed generically that persons involved with criminal activity might have materials on these devices that relate to that criminal activity.

7.  The "Probable Cause" section of the warrant details officers' arriving at the scene of the offense, their discovery of a firearm, and their reasoning for why they believe that the firearm belonged to Mr. Johnson. *See* Affidavit

in Support of Application Under Rule 41 for A Warrant to Search and Seize ("Affidavit"), p. 2-4. It also includes that the two devices were taken during a search incident to arrest and the current location of the devices. However, there is no information provided in the "Probable Cause" section detailing how these cellular devices would provide any specific information about whether Mr. Johnson was in possession of the recovered firearm on December 29, 2021, as he is charged.

8.     The affiant repeatedly references his "training and experience" during his time as a law enforcement officer. However, the affiant provides no specific information about that training or experience, specific coursework, number of similar cases he's handled, or any other details about said training or experience.

9.     Mr. Johnson seeks to suppress any evidence recovered from or as a result of the search of the cellular devices.

## ARGUMENT

The factual allegations in the Affidavit in support of the search warrant for the devices recovered from Mr. Johnson fail to establish probable cause that the device would contain evidence that Mr. Johnson was in possession of this specific firearm on December 29, 2020.  Nowhere in the affidavit is there anything specifically supporting a belief that these

3

devices would contain any additional information about the offense charged. The affidavit also fails to state with particularity those portions of the devices that may contain the evidence the affiant claims to be seeking and it fails to limit the requested search to the strictures of those locations.  Instead, the affidavit details the government's desire to go on a "fishing expedition" in the hope that they may uncover some evidence of other criminal conduct or otherwise harmful information that it may use against Mr. Johnson. Due to the lack of probable cause and lack of particularity, a reasonably trained officer should have recognized the illegality of the search.  Therefore, the evidence obtained should be suppressed.

**I. The Search Warrant Affidavit Failed to Establish Probable Cause to Justify the Search of the Two Devices**

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. CONST. amend. IV.  Further the Fourth Amendment requires that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* "These words are precise and clear." *Stanford v. Texas*, 379

U.S. 476, 481 (1965). When a warrant is issued without probable cause, in violation of the Fourth Amendment, the evidence should be suppressed under the exclusionary rule and should not be used in the government's case in chief.  *United States v. Leon*, 468 U.S. 897, 920 (1984); *United States v. Dawkins*, 17 F.3d 399, 407–08 (D.C. Cir. 1994) (citing *Weeks v. United States*, 232 U.S. 383 (1914)).  Probable cause is established when a neutral and detached magistrate has a "substantial basis" for concluding "that a search would uncover evidence of wrongdoing[.]" *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (citing *Jones v. United States*, 362 U.S. 257, 271 (1960)).  Probable cause cannot be based "merely on conclusory statement[s]." *United States v. Griffith*, 867 F.3d 1265, 1271 (D.C. Cir. 2017) (citing *Illinois*, 462 U.S. at 236, 239; *Nathanson v. United States*, 290 U.S. 41, 54 (1933)) (internal quotations omitted).

*i. The Affidavit failed to establish probable cause to search the two devices or specify with particularity what was to be searched*

A valid warrant must describe with specificity the items to be searched or seized. A judge considering an application for a search warrant must determine whether, in light of all of the circumstances described in the supporting affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates , 462 U.S.

213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit thus "must demonstrate cause to believe" not only that an item of evidence "is likely to be found at the place to be searched," but also that there is "a nexus between the item to be seized and [the] criminal behavior" under investigation. *United States v. Griffith*, 867 F.3d 1265, 1271 (D.C. Cir. 2017) (quoting *Groh v. Ramirez*, 540 U.S. 551, 568 (2004); *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294 (1967). Absent the required specificity, a warrant becomes an impermissible general warrant, which improperly allows law enforcement nearly unfettered discretion in deciding what to seize. A principal purpose of the Fourth Amendment was to eliminate such general warrants. *See*, *e.g. Coolidge v. New Hampshire*, 403 U.S.443, 467 (1971) ("the 'general warrant' abhorred by the colonists" permits "a general, exploratory rummaging in a person's belonging").

But while the Supreme Court's Fourth Amendment jurisprudence makes it clear that police officers cannot be given "unbridled discretion to rummage at will among a person's private effects," *Arizona v. Gant*, 556 U.S. 332, 345 (2009), "the particularity requirement is not limited to the prevention of general searches. A particular warrant also assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search."

*Groh v. Ramirez*, 540 U.S. 551, 561 (2004) (citations and quotations omitted). "[A] search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional. *Id*. at 559 (quoting *Massachusetts v. Sheppard*, 468 U.S. 981, 988 (1984)).

The "particularized facts" and circumstances that must be set forth in the affidavit are essential to the judge's finding of "a fair probability that evidence of a crime will be located on the premises of the proposed search," id. (internal quotation marks omitted), and "form the central basis of the [judge's independent] probable cause determination," *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013), thereby, ensuring that any search authorized by a warrant "will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit," *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

Searches of modern cellular devices should be viewed with extreme caution given the incredible amount of information within these devices and the privacy interests at play. Notably, in *Riley v. California*, 134 S.Ct. 2473 (2014), the Supreme Court rejected prosecutors' contention that the data contained in cell phones should be treated like more tangible objects and be

7

subject to search incident to arrest when the phone is on the person of an arrestee. The Court emphasized the extensive nature of materials on cell phones, including a "cache of sensitive personal information" and that "many of the more than 90% of American adults who own a cell phone keep on their person a digital record of nearly every aspect of their lives – from the mundane to the intimate. *Id*. at 2489-90. Cellular phone data can include information covering every aspect of a person's life – location data, private communications, banking data, private medical information, privileged communications with an attorney, etc. "[a] cell phone search would typically expose to the government far more than the most exhaustive search of a house." *Id*. at 2490-91.

In order to comply with the requirements of the Fourth Amendment, the government should be required to specify the particular items of evidence to be searched for and seized from the phone and must strictly tailor the search parameters (and date range of the data) to meet the established probable cause. Similar to the distinction of searching particular rooms within a house or apartments within an apartment building, a modern cell phone has many different compartments that could contain different types of information – text messages, emails, photos, documents, applications, location data, etc. The Supreme Court recently reiterated that

judges are "obligated — as 'subtler and more far-reaching means of invading privacy have become available to the Government' — to ensure that the 'progress of science' does not erode Fourth Amendment protections." *Carpenter v. United States*, ––– U.S. ––––, 138 S.Ct. 2206, 2223, 201 L.Ed.2d 507 (2018) (quoting *Olmstead v. United States*, 277 U.S. 438, 473-74, 48 S.Ct. 564, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting) (requiring that search warrants be obtained for cell-site location data generated from the use of smart phones and held by third-party providers)).

    The Affidavit failed to establish probable cause that the devices would contain any specific information that Mr. Johnson possessed the specific firearm on December 29, 2020. The Affidavit contained only generic, bare bone statements about criminal activity and the potential information that may exist on any cellular device. It contained no specific circumstances about this case or these particular devices to support the stated belief that these devices would contain the desired evidence. Rather than specifying the narrow categories of data to be sought or how it related to the specific offense for which Mr. Johnson was being investigated, the warrant broadly authorized the seizure of any materials found on the phone. The warrant imposed no limitations as to how far back in time police could go nor what applications nor data sources they could review. The warrant authorized the

9

a limitless search without regard for the specific circumstances of this case or the limited showing of probable cause against Mr. Johnson set forth in the affidavit. Further, the affidavit contained no details about the "training and experience" of the affiant beyond repeating the phrase multiple times.

The probable cause in the Affidavit is no more than "merely conclusory statement[s]." *See Griffith*, 867 F.3d at 1271 (citing *Gates*, 462 U.S. at 239). The warrants "swe[pt] too broadly in describing the items subject to seizure," *See Id*. at 1279, and allowed a "wide-ranging exploratory search[ ]" not "carefully tailored to its justifications" — precisely the type of unbridled rummaging "the Framers intended to prohibit," *Garrison*, 480 U.S. at 84. Under the totality of the circumstances the Affidavit fails to establish probable cause to search the devices for evidence of unlawful possession of a firearm on December 29, 2020.

## II.  The Good Faith Exception in *United States v. Leon* Does Not Apply and the Evidence Should be Suppressed

Under the exclusionary rule, evidence seized in violation of the Fourth Amendment must be suppressed unless it falls within an exception of the general rule. *United States v. Dawkins*, 17 F.3d 399, 407-08 (D.C. Cir. 1994) (citing *Weeks v. United States*, 232 U.S. 383 (1914)).  One of the

exceptions to the exclusionary rule prevents suppression of evidence when law enforcement relies on a facially valid warrant issued by a neutral and detached magistrate. *United States v. Johnson*, 332 F. Supp. 2d 35, 38 (D.D.C. 2004) (citing *United States v. Leon*, 468 U.S. 897, 920 (1984)). The Supreme Court in *Leon* articulated four exceptions to the general good faith exception rule. *See Leon; see also United States v. Johnson*, 332 F. Supp. 35, 38-39 (D.D.C. 2004). One of the exceptions to "the good faith" exception to the exclusionary rule as articulated in *Leon*, is evidence obtained in reliance on a facially valid warrant, may be suppressed from the Government's case in chief if the supporting affidavit was "so lacking in indicia of probable cause as to render official belief its existence entirely unreasonable." *Leon*, 468 U.S. at 899 (quoting *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975)) (internal citations omitted). The test to determine whether the evidence should be suppressed for a lack of probable cause for a search is whether "a reasonably trained officer would have known that the search was illegal despite the [judge's] authorization." *Johnson*, 332 F. Supp. at 39 (citing *United States v. Hopkins*, 128 F. Supp. 2d 1, 9 (D.D.C. 2000)).

    In this case, the Affidavit in support of the search warrant for cellular devices was so lacking in "indicia of probable cause" that a reasonably

trained officer could not reasonably conclude that there was probable cause to search the entirety of the devices. As stated in Section I, the Affidavit in this case does not demonstrate that there was probable cause that evidence existed on the cellular devices that Mr. Johnson possessed the firearm on December 29, 2020. Similar to *Johnson*, the affidavit for the search warrant in this case is so deficient that it would be unreasonable for any well-trained officer to believe there was probable cause as it relates to the devices taken from Mr. Johnson. *See Johnson*, 332 F. Supp. at 43.

      The majority of the evidence relied upon by the Government against Mr. Johnson is a series of generic statements about data on cellular devices and criminal activity. The Government made blanket allegations about what might exist on a cellular device without any link to Mr. Johnson or reason to believe that such evidence would be on these particular cellular devices. The Affidavit fails to establish probable cause and the good faith exception under *Leon* does not apply. Ruling otherwise would allow the exception to nullify the rule. The evidence should be suppressed, as a reasonably trained officer would have known that the Affidavit lacked probable cause as it relates to the alleged offense and, therefore, was an illegal search.

If this Court determines that the Affidavit failed to establish probable cause and that no reasonably trained officer would have relied on the illegal search, then the evidence obtained from the searches should be suppressed.

## II. The Unreasonable Delay in Seeking the Warrant Violated Defendant's Fourth Amendment Rights

In addition to the fatal flaws in the substance of the search warrant affidavit, the government also violated Defendant's Fourth Amendment rights in the unreasonable delay in seeking and obtaining the warrant to search the devices. The two cellular phones were taken from Defendant's person and were in the possession of the government on December 29, 2020. Rather than returning said property to Mr. Johnson (or a designee of Mr. Johnson) as was requested, the government continued to hold the property indefinitely. The government has provided no reasonable justification for the failure to immediately seek a search warrant after seizing the devices.

As discussed above, a cellular device can contain untold amounts of personal and private information. Essentially, a modern-day smart phone acts as a digital map of a person's past, present, and future. To deprive a person of the possessory right over this important item and data for an

extended period of time without reasonable justification for the delay impedes upon a person's Fourth Amendment rights.

Seizures that might have been reasonable at their inception may become unreasonable over time. *United States v. Jacobsen*, 466 U.S. 109, 124 & n.25 (1984). Determining whether an extended seizure is reasonable requires balancing the government's justification for the prolonged intrusion on an individual's possessory interests against the "nature and quality" of those interests. *United States v. Place*, 462 U.S. 696, 703, 708–09 (1983) (holding extended seizure and delayed search of initially lawfully seized luggage was unreasonable under the circumstances, *id*. at 709–10, 103 S.Ct. 2637 ); see *United States v. Johns*, 469 U.S. 478, 480–81, 486–88 (1985) (holding extended seizure and delayed search of a lawfully seized truck and its cargo was reasonable under the circumstances of that case but explicitly stating that it was not foreclosing challenges to delayed searches in other cases).

The two cellular devices were seized from Mr. Johnson's person on December 29, 2020. Defendant filed a motion for return of the phones on January 29, 2021.[1] The government did not apply for a search warrant for either device until March 12, 2021. In a footnote to the Affidavit, the

---

[1] It is likely that prior defense counsel had requested return of the phone informally to government counsel prior to this date, but current counsel doesn't have any specific record of a previous request.

14

government acknowledged the significant delay and attempted to provide context and justification for the delay. The government attributed much of the 73-day delay based upon the pending defense motion for return of the devices. It is unclear how the defendant's request to have the phones returned impeded preparation of the warrant. Similarly, there is no account given for the 30 days in between December 29th and the filing of the defense motion. The government cites the events at the U.S. Capitol occupying its focus to justify the time between January 6th and the filing of the defense motion. While the events of January 6th occupied a great deal of focus of the USAO-DC, Defendant suggests that this is not a reasonable justification for complete inaction towards a warrant considering the substantial resources available to the USAO-DC. A person's constitutional rights are not and should not be suspended because the government's calendar is busier than normal. Further, the events of January 6th and the subsequent investigation involved primarily federal law enforcement, not the Metropolitan Police Department officers that are involved in the instant case.

    No reasoning is given for the failure to seek a warrant or return the property between December 29th and January 6th. This was a full calendar week, including multiple non-holiday business days that MPD and the prosecution had an opportunity to apply for and obtain a search warrant for

these devices after seizure and before the events of January 6th. Even after the government was made aware that one of the devices belonged to Mr. Johnson's relative and not to Mr. Johnson, the government still did not expedite its efforts for a search warrant or to return the property.

The governments' provided reasoning for the undue delay between the seizure and the application for the search warrant is far outweighed by Mr. Johnson's interest in the return of property so important to his day-to-day life. Even if the initial seizure was lawful, the unreasonable delay in the search was unreasonable and in violation of Mr. Johnson's Fourth Amendment rights. The appropriate remedy under the circumstances would be suppression of the evidence appurtenant thereto.

**WHEREFORE** for the foregoing reasons, and any others, which may appear at a full hearing on this matter, and any others this Court deems just and proper, Defendant respectfully requests that this Honorable Court suppress any and all evidence seized by law enforcement agents in violation of the Fourth Amendment, including but not limited to any materials retrieved from or as a result of any information on the cellular devices taken from Mr. Johnson's person.

Respectfully submitted,

\_\_\_\_/s/_____
Jonathan Zucker # 384629
Peter Wright #187407
37 Florida Av. NE
Suite 200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com
Counsel for Jonathan Johnson

CERTIFICATE OF SERVICE

I certify that on May 7, 2021, I caused the foregoing to be filed with the court using the CM/ECF system that will send notification of such filing to the following registered users:

Kevin Birney
Assistant United States Attorneys
555 4th St., NW
Washington, DC  20530

Additionally, a courtesy copy was sent via email.

\_\_\_\_/s/_____
Jonathan Zucker

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Hon. Ketanji Brown Jackson |
| v. | Criminal No. 21-CR-008 (KBJ) |
| JONATHAN JOHNSON, | |
| Defendants. | |

**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS**
**TANGIBLE PHYSICAL EVIDENCE**

Upon consideration of Mr. Johnson's Motion to Suppress Physical Evidence, it is this ___ day of _____ 2021 hereby

**ORDERED** that Mr. Johnson's Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that all evidence seized as a result of the invalid search and seizure of Mr. Johnson's cellular telephone is hereby suppressed.

_____
Judge Ketanji Brown Jackson,
US District Court for the
District of Columbia

18