UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| v. | : | No. 21-cr-008 (FLP) |
| | : | |
| **JONATHAN JOHNSON,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO EXTEND TIME FOR POST TRIAL MOTIONS, MOTION TO DISCLOSE
IDENTITY OF JUROR, MOTION TO SET A HEARING TO CLARIFY WHAT POST
TRIAL PROCEEDINGS MAY BE PERMITTED**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's motion to extend time for post-trial motions, motion to disclose identity of juror, and motion to set a hearing to clarify what post-trial proceedings may be permitted.   ECF No. 112.

**RELEVANT BACKGROUND**

The defendant was charged with one count of Unlawful Possession of a Firearm (Prior Conviction), in violation of 18 U.S.C. § 922(g)(1).   A jury trial commenced on July 20, 2023. On July 26, 2023, the jury returned a guilty verdict, and the jury was polled, with each individual juror confirming that the verdict was unanimous.   On July 27, 2023, a juror sent a note to the Court, stating:

> Hello [Redacted] I'm not sure who to contact.   I recently served on a jury that ended on yesterday.   I have been diagnosed chronic anxiety and depression.   I feel like the decision I made was made under serious pressure by the court and my fellow jurors which triggered a spin off panic attacks, manic episodes and depression during this time.   I made my decision the first day and we were told to go back.   At that point I should have dismissed myself as the panic attacks worsened.   When I came in the next day I was shunned by my fellow jurors which caused a severe series of more panic attacks.   I even broke down in tears in the jury room as people glared at me with evil stirs.   At the end speaking with the lawyers

the panic increased as my comments were dismissed. I quickly exited as chest tightened, hands became sweaty and my head started spinning. My mind was not in the right place. For that reason, I believe this was not not [sic] fair justice for the defendant. No one should pay for someone else's mental illness. And no one should be pressured into making a decision in this state. I apologize to the court I did not share this information before today Thank you

In response to the juror's note, defense filed a motion seeking further inquiry of the juror. Specifically, the defense asks the Court to either "bring the juror in to answer questions to clarify these matters," or to "identify the juror at issue and grant the parties leave to interview the juror regarding these issues." Def.'s Mot. at 1. Implicit in the defense motion is a contention that the juror note is relevant to a Motion for a New Trial under Rule 33, and the defense explicitly asks the Court to extend the time for filing post-trial motions indefinitely.

## ARGUMENT

The defendant's main premise that the juror's note bears on a motion for new trial is flawed, and the motion should therefore be denied in its entirety.

### I. Rule 606(b) prohibits further inquiry of the juror or the incorporation of the juror's note into a post-trial motion.

Common law long recognized the rule that statements of jurors may not ordinarily be used to impeach a verdict once the jury has been discharged. *Tanner v. United States*, 483 U.S. 110, 117 (1987); *see also Pena-Rodriguez v. Colorado*, 580 U.S. 206, 215 (2017). The rule was codified in Federal Rule of Evidence Rule 606(b), which prohibits the use of *any* evidence of juror deliberations, subject only to express exceptions for testimony regarding extraneous information brought to the jury's attention, outside influence improperly brought to bear on a juror, and a mistake made in entering the verdict on the verdict form. In doing so, "Congress… endorsed a broad no-impeachment rule, with only limited exceptions." *Pena-Rodriguez*, 580 U.S. at 217.

2

The "no-impeachment rule" created by 606(b) "promotes full and vigorous discussion by providing jurors with considerable assurance that after being discharged they will not be summoned to recount their deliberations, and they will not otherwise be harassed or annoyed by litigants seeking to challenge the verdict. The rule gives stability and finality to verdicts." *Id.* at 218. "When confronted with allegations of irregularity in the jury's proceedings, the trial judge has broad discretion to determine what manner of hearing, if any, is warranted." *United States v. Campbell*, 684 F.2d 141, 151 (D.C. Cir. 1982) (internal citation omitted).

Courts have widely recognized that pressure or coercion from other jurors during deliberations is not an "outside influence," providing an exception to Rule 606(b). *See*, *e.g.*, *United States v. Campbell*, 684 F.2d 141, 151 (D.C. Cir. 1982) ("Only in extraordinary circumstances do courts inquire into the deliberative process of juries…. Ordinarily, a verdict will not be upset on the basis of a juror's post-trial report of what occurred in the course of deliberations"); *United States v. Wilson*, 534 F.2d 375, 378-79 (D.C. Cir. 1976) ("[E]vidence of discussions among jurors, intimidation or harassment of one juror by another… is not competent to impeach a verdict.") (internal citations omitted); *see also United States v. Lloyd*, 462 F.3d 510, 519 (6th Cir. 2006); *United States v. Brito*, 136 F.3d 397, 414 (5th Cir. 1998) *United States v. Lakhani*, 480 F.3d 171, 183-85 (3d Cir. 2007); *United States v. Tallman*, 952 F.2d 164, 166-67 (8th Cir. 1991); *United States v. Yoakam*, 168 F.R.D. 41, 45-46 (D. Kan. 1996).

For example, in *Lloyd*, a juror stated that he did not believe the defendant was guilty beyond a reasonable doubt but voted guilty because he "could no longer stand the pressure from other jurors." The juror went on to claim that another juror similarly had "buckled under the pressure of another, rather belligerent juror, who had resorted to name calling." *Id*. at 518. The trial court

3

rejected the defense's request to inquire of the juror, "on the basis that the information … did not contain any indication of extraneous information or influence." *Id.*  The Sixth Circuit upheld the trial court's decision, noting that the juror's claim focused on buckling from "pressure from the other jurors" and thus "there was no credible evidence of extraneous information or influence." *Id.* at 519.

Similarly, the juror's discussion of his or her mental state during deliberations does not fall within one of Rule 606(b)'s exceptions.  In *Tanner,* the Supreme Court held that allegations by a juror of alcohol and drug use by fellow jurors was barred by Rule 606(b).  483 U.S. at 127.  The Court in *Tanner* "relied upon the doctrine that 'treats allegations of the physical or mental incompetence of a juror as 'internal' rather than 'external' matters." *Warger v. Shauers*, 574 U.S. 40, 52 (2014) (quoting *Tanner*, 483 U.S. at 119).  In doing so, *Tanner* cited cases "holding that evidence of jurors' insanity, inability to understand English, and hearing impairments are all 'internal' matters subject to exclusion under Rule 606(b)." *Id*.

The Seventh Circuit faced a similar situation in *United States v. Daniel*, 803 F.3d 335 (7th Cir. 2015).  There, shortly after returning a unanimous verdict where the jurors were polled, a juror went to the court's chambers stating that the he or she "wanted to pretty much change [their] verdict" and that the juror was "bullied into making the decision that [he or she] made." *Id*. at 354.  Additionally, a court security officer told the defendant's attorney that he "had seen the juror complaining of a panic attack and sitting in the hallway near the jury deliberation room." *Id*. at 355.  The district court ruled that Rule 606(b) barred further inquiry of the juror, and, citing *Tanner*, the 7th Circuit affirmed.  *Id*. at 355-56.

Here, like in *Lloyd, Tanner*, and *Daniel*, the juror's note does not fall within an exception

4

to Rule 606(b). The "pressure," "evil stares," and "shun[ing]" the juror describes are clearly not *outside influences*, as they allegedly came from other jurors inside the jury room. And even if a juror suffered mental health episodes as a result of jury deliberations, these are matters internal to the juror themselves, rather than some sort of external influence. The plain language of the rule, which forbids testimony on a juror's mental processes, along with Supreme Court authority interpreting the rule, make two things clear: (1) there is no basis for this Court to grant a hearing or give permission for further contact with the juror; and (2) that the information provided in the juror's note may not permissibly be accepted by the Court or used to challenge the verdict.

II. **The juror's note provides no evidence that the juror was dishonest during *voir dire*.**

The juror's note is also not proper evidence of *voir dire* dishonesty in post-trial litigation. In *Warger*, the Supreme Court specifically held that "Rule 606(b) applies to juror testimony during a proceeding in which a party seeks to secure a new trial on the ground that a juror lied during *voir dire*." 574 U.S. at 47. Therefore, the same reasoning above applies to bar evidence of the "panic attacks, manic episodes and depression" brought about by the alleged pressure from the other jurors.

Furthermore, even if such evidence were admissible, it would not be a basis for a new trial. In order to secure a new trial based on juror dishonesty, *McDonough Power Equipment v. Greenwood* establishes that a party must demonstrate that a juror failed to answer honestly a material question on *voir dire* and then further show that the correct response would have provided a valid basis for a challenge for cause. 464 U.S. 548, 556 (1984). Neither can be established here.

During the questioning of the venire, the Court asked only two question that could be

implicated by the juror note:

> 20. Are you presently taking any medication, or experiencing any medical condition or physical, mental, or emotional condition that might in any way affect your ability to give your full attention to this case?
>
> 22. Is there any other reason that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror?

As the juror note indicates, the mental health episodes were brought on by the pressure of the jury deliberations—something a juror cannot anticipate in advance. Discomfort during deliberations does not give automatic rise to a claim that the juror knew during *voir dire* that he or she was unable to sit fairly, impartially, and attentively as a juror. Anxiety and depression are common among American adults.[1] Yet, these conditions do not bear on impartiality, and they are not automatic bases to strike someone for cause.

## CONCLUSION

The information contained in the juror's note, which concerns "incident[s] that occurred during the jury's deliberations," "the effect of anything on that juror's . . . vote," and the "juror's mental processes," is evidence prohibited by Rule 606(b). The Court should reject the defendant's request for an evidentiary hearing because the rule specifically forbids the Court from "receiv[ing] a juror's affidavit or evidence of a juror's statement on these matters." FRE 606(b)(1). Because the information in the juror's note does not provide a legal basis for impeaching the verdict, the Court should reject the defense's request for additional time for post-trial motions. In sum, each

---

[1] The National Institute for Mental Health (NIMH) estimated that in 2021, 21 million America adults had a major depressive episode. *Major Depression*, National Institute of Mental Health, https://www.nimh.nih.gov/health/statistics/major-depression (last visited July 31, 2023). Additionally, NIMH estimated that 19.1% of American adults had an anxiety disorder in the last year. *Any Anxiety Disorder*, National Institute of Mental Health, https://www.nimh.nih.gov/health/statistics/any-anxiety-disorder (last visited July 31, 2023).

of the defense's requests and the defendant's motion should be denied.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        UNITED STATES ATTORNEY
                                        D.C. Bar Number 481052

By:   */s/ Joshua Gold*
            JOSHUA GOLD
            Tx Bar No. 24103101
            Assistant United States Attorney
            Federal Major Crimes Section
            601 D St. NW
            Washington, D.C. 20530
            (202) 815-8965
            Joshua.Gold@usdoj.gov