UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES

    v.                              Case No. 21-cr-0008 (FYP)

JONATHAN JOHNSON

        Defendant.

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION
TO HIS MOTION FOR EXTENSION OF TIME TO FILE
POST TRIAL MOTION AND REQUEST
TO DISCLOSE IDENTITY OF JUROR**

On August 9, 2023, this court granted by minute order, defendant's motion to extend time. It ordered the defendant to file his reply to the government's opposition to his Motion for Extension of Time to File Post-Trial Motion within 14 days of production of trial transcripts. Transcripts were produced on Sunday August 19, 2023. Accordingly, this reply is timely.

Following disclosure of a juror's post-verdict message to the court, defendant moved for an extension of time to file a motion for a new trial, to disclose the identity of the juror, and to clarify what post-trial proceedings may be permitted. ECF 112. The government opposed all relief contending that the motion should be summarily denied because Rule 606(b) precludes use of any information in the juror's message to challenge the verdict. For the following reasons, summary denial of defendant's requests is unwarranted.

**Potential Claim of Juror Misconduct During *Voir Dire***

That the juror has been diagnosed with "chronic" anxiety and depression, and suffers "manic episodes," suggests a mental health condition much more severe than generalized anxiety and depressive disorders. *Indiana v. Edwards*, 554 U.S. 164, 175 (2008)("Mental illness itself is not a unitary concept. It varies in degree. It can vary over time. It interferes with an individual's functioning at different times in different ways.")

The juror's reference to "manic episodes" indicates a bipolar disorder. The characteristic of a manic episode is that it effects "judgment, behavior and the ability to think clearly." https://www.mayoclinic.org/diseases-conditions/bipolar-disorder/symptoms-causes/syc-20355955.  Chronic anxiety and depression disorders that trigger manic episodes should have elicited a positive response to voir dire questions.[1]

Since that information was not disclosed, there exists an issue as to whether the juror deliberately concealed material information during *voir dire*. A related issue is whether the juror was even qualified for jury service. Title 28 United

---

[1] "Question 20. Are you presently taking any medication or experiencing any medical condition or other physical, mental, or emotional condition that might in any way affect your ability to give your full attention to this case?" Tr. 7/21/23, 31.

"Question 22. … Is there any other reason that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror? *Id.* at 32.

States Code §1865 provides that any person is qualified to serve on juries in the district court unless he "is incapable, by reason of mental… infirmity to render satisfactory jury service." 28 U.S.C. 1865(b)(4).

The government speculatively reasons that the juror's manic episodes brought on by the pressures of the jury deliberations is "something a juror cannot anticipate in advance." ECF 114, 6.  Whether or not that is so requires further inquiry.  Had disclosure been made during *voir dire,* follow up questions, at minimum, would have sought to determine how the condition manifests itself and how well her condition is controlled.[2]

The government argues that any nondisclosure of the juror's mental health condition, provides no basis to strike someone for cause because anxiety and depression are common among American adults.  *Id.*  Aside from the fact that the juror's post-verdict message suggests a mental health condition far more severe than generalized anxiety and depression, jurors have been struck for cause due to mental health issues.

---

[2]  Counsel suspects that juror 0974 is the juror in question.  If counsel is correct, counsel expressed concern during *voir dire* regarding her ability to serve as a juror, particularly her ability to comprehend and follow instructions since she had no "yes" answers to the court's *voir dire* questions, did not remember any of the questions, and provided answers that seemed of questionable logic.  Tr. 7/21/23, 146-150.  The court disagreed and stated "if you are moving to excuse her, I'm denying your motion." *Id.* at 151.

In *Solomon,* for example, a prospective juror who suffered from an obsessive compulsive disorder was dismissed for cause. *United States v. Solomon,* 273 F.3d 1108, 2001 WL 1131955, at *3 (5th Cir. 2001) (unpublished). The Fifth Circuit acknowledged that "the prospective juror's mental condition prevented him from rendering satisfactory service." *Id.* The Eleventh Circuit affirmed the dismissal for cause of a potential juror who suffered from attention deficit disorder ("ADD"). *United States v. Flores* 572 F.3d 1254, 1261 (11th Cir.2009). And other circuits have upheld dismissals of a juror during trial for emotional issues. *United States v. Cannon*, 475 F.3d 1013, 1023 (8th Cir. 2007)(and cases cited therein).

Moreover, had the juror's acute condition during deliberation been disclosed at that time it is quite likely that she would have been dismissed for cause. She stated.

> My mind was not in the right place. For that reason, I believe this was not not [sic] fair justice for the defendant. No one should pay for someone else's mental illness. And no one should be pressured into making a decision in this state.

It seems clear the juror is saying that her active mental illness caused her to render a verdict she disagreed with. The juror's statement implies that her verdict was a product of her acute illness at the time. An additional inquiry of the juror is required to clarify this point.

Similarly, the juror claims she was "shunned by my fellow jurors which caused a severe series of more panic attacks. I even broke down in tears in the jury

room as people glared at me with evil stirs [sic, stares]." The juror does not describe the actions of fellow jurors as "threats." However, given her description, inquiry should be permitted to clarify whether she considered the actions of other jurors to be threats or some other impermissible form to conduct that amounted to "an outside influence [that] was improperly brought to bear on any juror." FRE 606 (2)(B)

If further inquiry supplies a basis for a new trial motion, based on juror misconduct during *voir dire*, defendant may be entitled to an evidentiary hearing on a motion for a new trial. See, *United States v. Fell*, 2:01-CR-12, 2013 WL 1953322, at *4 (D. Vt. May 10, 2013); *United States v. Boney*, 977 F.2d 624, 634 (D.C. Cir. 1992)(the discovery that a juror was disqualified due to his felon status that was not disclosed during *voir dire* was remanded for an evidentiary hearing.) Here, however, the defendant is only requesting clarity as to the scope of a post-verdict investigation into juror misconduct.

### Motion to Clarify Post-Trial Proceedings

Defendant has requested clarification as to the scope of post-verdict inquiry regarding this potential claim of juror misconduct. A trial court has discretion to fashion appropriate procedures to determine post-verdict whether juror misconduct has actually occurred and whether it was prejudicial. *Fandozzi v. Gerry*, 10-CV-368-SM, 2011 WL 2607084, at *5 (D.N.H. June 30, 2011); *United States v.*

*Mikutowicz,* 365 F.3d 65, 74 (1st Cir.2004) ("[A] district court maintains significant discretion in determining the type of investigation required by a juror misconduct claim.")

Defendant agrees that Rule 606(b) prohibits inquiry into jury deliberations or the juror's statements regarding the effect of any other's decision on the juror's vote. Clearly, the portions of the juror's message stating "I have been diagnosed chronic anxiety and depression," and that she suffers from "panic attacks, manic episodes and depression" by themselves does not warrant inquiry into juror deliberations, Rule 606(b). However, further inquiry is warranted to determine whether the juror failed to disclose information that would have revealed she was unfit to serve. Similarly, inquiry is warranted to determine if her mental illness amounted to an active "outside influence" that improperly interfered with her ability to serve as a juror. FRE 606 (2)(B)

**Identification of the Juror**

Disclosure of the juror's identity in needed in order to conduct any further investigation within the parameters set by the court. Defendant requests that the identity of the juror be disclosed, and the defense be permitted to investigate by interviewing the juror to try to obtain any information that would establish whether the Juror deliberately concealed information regarding her mental health that

would have warranted her being struck for cause[3] or actively prohibited her from effectively serving.

### Motion for extension of time

Rule 33(a) permits a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilt. Fed.R.Crim.P. 33. A motion for a new trial based on any other ground must be filed within 14 days of the verdict. *Id.*

Defendant contends that any evidence that the juror deliberately withheld material information regarding her mental health condition during *voir dire* through post-verdict investigation would constitute newly discovered evidence and fall within the 3 year time frame. Since the juror's message was disclosed within days of the verdict, in an abundance of caution, defendant has moved for an extension of time within 14 days of the verdict. Rule 45 authorizes the court upon motion of a party to extend time "for good cause." Fed. R. Crim. P. 45(b)(1)(A). For the reasons stated *supra*, good cause exists for additional inquiry.

---

[3] Alternatively, if the Court is not willing to allow the defense to interview the juror and investigate the matter independently, the defense requests that the juror be subpoenaed to provide testimony before the Court and all parties regarding the matters raised in her post trial note to the Court; particularly whether she failed to disclose the extent of her illness during voir dire or whether her illness interfered with her ability to serve as a juror.

Respectfully submitted,

___/s/_____
Jonathan Zucker, #384629
37 Florida Avenue, NE, #200
Washington, DC  20002
202-624-0784
jonathanzuckerlaw@gmail.com

*Counsel for Defendant Jonathan Johnson*

# CERTIFICATE OF SERVICE

I certify that on this 4th day of September, 2023 I caused the foregoing to be electronically served using the court's CM/ECF system to all parties.

__/s/_____
Jonathan Zucker