

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN JOHNSON,<br><br>Defendant. | Case No. 1:21-cr-08 (FYP) |

## ORDER

This matter comes before the court upon consideration of an email sent to the court by a juror, expressing regret about the guilty verdict that the juror returned in this case. Based on the email, Defendant moved to extend the time for post-trial motions, for a hearing, and to disclose the identity of the juror, *see* Def.'s Mot. (ECF No. 112); the government opposed the motion, *see* Gov't's Opp'n (ECF No. 114); and Defendant filed a reply, *see* Def.'s Reply (ECF No. 116). The court held a hearing on the motion on September 28, 2023, at which it disclosed the juror's seat number and juror number. The court concludes that no further action should be taken with respect to the juror's email. It therefore will deny Defendant's requests to interview the juror and to file additional motions. Defendant's motion is thus granted in part and denied in part.

**I.    Background**

On July 26, 2023, after a five-day jury trial, defendant Jonathan Johnson was convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The jury had begun its deliberations at approximately 4:30 p.m. on July 24. At approximately 3:00 p.m. on the next day, after six hours of deliberations, the jury sent a note to the court, stating, "Discussion is at an impasse. Do you have guidance?" Jury Note (ECF No. 111). At 3:44 p.m., the court instructed the jury to "deliberate further." *See* Rough Trial Tr. 6:5–

11, July 25, 2023. The court then excused the jury for the day at 5:00 p.m. and instructed its members to return the next morning to resume deliberations. On the next day, July 26, the jury deliberated approximately one hour and then sent a note to the court stating that it had reached a verdict. After the foreperson announced the guilty verdict in open court, each member of the jury was polled. All the jurors confirmed that they agreed with the verdict. *See* Verdict Form (ECF No. 107). The court excused the jurors and told them that if they were willing to speak to the attorneys, they could remain in the jury room. Several jurors remained and spoke to the attorneys and the court's law clerks.

On the following day, July 27, 2023, Juror Number 8, also known by her badge number of 0138, sent the following email to the courtroom deputy, which was disclosed to the parties in a minute order without identifying the email's author:

> Hello [courtroom deputy],
>
> I'm not sure who to contact. I recently served on a jury that ended on yesterday. I have been diagnosed chronic anxiety and depression. I feel like the decision I made was made under serious pressure by the court and my fellow jurors which triggered a spin off panic attacks, manic episodes and depression during this time. I made my decision the first day and we were told to go back. At that point I should have dismissed myself as the panic attacks worsened. When I came in the next day I was shunned by my fellow jurors which caused a severe series of more panic attacks. I even broke down in tears in the jury room as people glared at me with evil stirs [*sic*]. At the end [of] speaking with the lawyers the panic increased as my comments were dismissed. I quickly exited as chest tightened, hands became sweaty and my head started spinning. My mind was not in the right place. For that reason, I believe this was not not [*sic*] fair justice for the defendant. No one should pay for someone else's mental illness. And no one should be pressured into making a decision in this state. I apologize to the court I did not share this information before today[.] Thank you[.]

Minute Order (July 27, 2023).

On July 30, 2023, Defendant moved to (1) "extend the time for filing post-trial motions indefinitely pending further order of the Court"; and (2) "set a hearing date where the parties may

2

address these issues" at which the juror would be present "to answer questions to clarify these matters"; or (3) "identify the juror at issue and grant the parties leave to interview the juror regarding these issues." *See* Def.'s Mot. (ECF No. 112) at 3–4.[1]

The government opposed Defendant's motion "in its entirety." Gov't's Opp'n (ECF No. 114) at 2. The government asserted that Federal Rule of Evidence 606(b) "prohibits further inquiry of the juror or the incorporation of the juror's note into a post-trial motion" and that "[t]he juror's note provides no evidence that the juror was dishonest during *voir dire*." *Id.* at 2, 5.

On August 9, 2023, the court granted Defendant's motion to extend time to file a reply brief. Defendant filed a reply brief on September 5, 2023. At a hearing on September 28, 2023, the court identified Juror Number 8 to the parties and heard arguments from the parties regarding whether to allow further litigation regarding Juror Number 8's email.

**II.   Analysis**

Defendant has requested (1) an extension of time to file post-trial motions; (2) either a hearing at which Defendant's counsel could question the juror who wrote the email or permission to interview the juror; and (3) identification of the juror. All those requests presumably would facilitate the filing of a motion for a new trial. *See* Fed. R. Crim. P. 33(a) ("Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.").

A.   <u>Juror's Identity</u>

As an initial matter, the court revealed to the parties at the September 28, 2023, hearing that the juror in question is Juror 8, also known as Juror 0138. *See also* Trial Tr. 185:19, July 20,

---

[1]   Concurrently with this motion, Defendant moved to appoint his counsel as CJA counsel for purposes of post-trial litigation. *See* ECF No. 113. The court granted that motion on August 2, 2023. *See* Minute Order (Aug. 2, 2023).

2023 (ECF No. 115). Although Defendant's counsel previously speculated that "juror 0974 is the juror in question," Def.'s Reply (ECF No. 119) at 3 n.2, that juror was not seated on the jury.

B. Extension of Time

Defendant's request for an extension of time to file a post-trial motion was not necessary. If a motion for new trial is "grounded on newly discovered evidence," then it "must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). On the other hand, a "motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Juror Number 8 did not send her email to the court, and Defendant did not learn of it, until after the trial's conclusion. The evidence at issue thus qualifies as "newly discovered evidence" for the purpose of filing a motion for new trial under Rule 33. *See U.S. v. Bolinger*, 837 F.2d 436, 439 (11th Cir. 1988) ("[A] motion for new trial based on juror misconduct is a form of new trial motion for newly discovered evidence."). Defendant thus would have until July 26, 2026, to move for a new trial based on the juror's email.

C. Permission to Examine or Interview Juror 8

Defendant stated at the September 28 hearing and in briefing that he wishes to present the following theory in a motion for new trial: That Juror 8 was mentally unfit to serve as a juror and was dishonest about her mental condition during *voir dire*. *See* Def.'s Mot. (ECF No. 112) at 3 (arguing that Juror 8's "failure to disclose his/her [mental health conditions] violated her duty to truthfully answer the *voir dire* inquiry"); Def.'s Reply (ECF No. 119) at 5 ("If further inquiry supplies a basis for a new trial motion, based on juror misconduct during *voir dire*, defendant may be entitled to an evidentiary hearing on a motion for a new trial.").

4

*1. Mental Competence*

A party seeking to impeach a jury verdict based on a juror's mental state must provide "clear and incontrovertible evidence of [a juror's mental] incompetence shortly before or after jury service" before receiving an evidentiary hearing. *See United States v. Dioguardi*, 492 F.2d 70, 79 (2nd Cir. 1974) (affirming trial court's denial of further inquiry where juror sent post-trial letter to defendant referencing juror's asserted clairvoyant powers). "[A]bsent . . . substantial if not wholly conclusive evidence of incompetency, courts have been unwilling to subject a juror to a hearing on his mental condition." *Id.* at 80; *see also Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985) (defendant must make a "*strong showing* that a juror was incompetent in order to overcome the presumption of competency" (emphasis in original)). Defendant fails to make the required showing to justify subjecting Juror 8 — who evidently suffers from "chronic anxiety" — to a hearing or an interview regarding her mental health.

Juror 8's conduct during the *voir dire*, the trial, and the jury poll betrayed no evidence of mental incompetence. During *voir dire*, she answered the court and counsel's questions lucidly, even volunteering that it would be her duty to be fair. Trial Tr. 92:15–18, July 20, 2023 (ECF No. 115). Moreover, as stated at the September 28 hearing, the undersigned judge exchanged pleasantries with members of the jury several times during breaks in the trial, and never noticed any signs of mental difficulty or distress from Juror 8. And finally, Juror 8 affirmed that she agreed with the jury's announced verdict when she was polled.

Although Juror 8 stated in her email that she felt "pressured" by other jurors and the court during deliberations, and that she experienced "panic attacks" and "broke down in tears" at one point, Minute Order (July 27, 2023), the court may not consider any of those assertions. Rule 606(b)(1) of the Federal Rules of Evidence provides that "a juror may not testify about any

statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." Fed. R. Evid. 606(b)(1).  It further states that "[t]he court may not receive a juror's affidavit or evidence of a juror's statement on these matters."[2]  *Id*.; *see also Tanner v. United States*, 483 U.S. 107, 118–19, 127 (1987).  In any event, even if the court could consider Juror 8's representations, they fall short of demonstrating mental infirmity that rendered the juror "incapable" of serving as a juror.  *See* 28 U.S.C. § 1865(b)(4) (a person is not qualified to serve on a jury if they are "incapable, by reason of mental or physical infirmity, to render satisfactory jury service").

2. *Dishonesty*

In *McDonough Power Equipment, Inc. v. Greenwood*, the Supreme Court held that a new trial based on juror's misrepresentations during *voir dire* is warranted only if a juror is *dishonest*, not merely mistaken.  464 U.S. 548, 555 (1984) ("To invalidate the result of a three-week trial because of a juror's mistaken, though honest response to a question, is to insist on something closer to perfection than our judicial system can be expected to give.").  To satisfy the *McDonough* test, Defendant must identify "a material question" that Juror 8 "failed to answer honestly… on *voir dire*." *Id.* at 556.  Then, he must show that a correct and honest answer from the juror "would have provided a valid basis for a challenge for cause." *Id*.

During *voir dire*, Juror 8 was asked two potentially relevant questions:

---

[2]  A juror may only "testify about whether: (A) extraneous prejudicial information was improperly brought to the jury's attention; (B) an outside influence was improperly brought to bear on any juror; or (C) a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).  The Supreme Court has held that the Constitution mandates an additional exception "when, after the jury is discharged, a juror comes forward with compelling evidence that another juror made clear and explicit statements indicating that racial animus was a significant motivating factor in his or her vote to convict." *Pena-Rodriguez v. Colorado*, 580 U.S. 206, 211, 225 (2017).  None of those exceptions is applicable here.

>Question 20: "Are you presently taking any medication or experiencing any medical condition or other physical, mental, or emotional condition that might in any way affect your ability to give your full attention to this case?" Trial Tr. 31:11–15, July 20, 2023 (ECF No. 115).
>
>Question 22: "Is there any other reason that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror?" *Id*. at 32:6–9.

Defendant argues that if Juror 8 had disclosed her mental conditions in response to those questions, he could have raised a challenge for cause. To make such a motion, he would have needed a basis to argue that the juror had a mental infirmity that rendered her incapable of rendering satisfactory jury service. *See* 28 U.S.C. § 1865(b)(4).

There is no evidence in the record that Juror Number 8 answered the specified *voir dire* questions in a knowingly false way. In fact, Juror Number 8 appeared to believe that she was fully capable of giving her attention to the case and to sit impartially as a juror. She forthrightly answered the court's questions about her father's criminal history, her employment, and her residency in D.C. Trial Tr. 91:20–93:14, July 20, 2023 (ECF No. 115). When asked if she could be fair as a juror, Juror Number 8 replied, "Of course [. . .] I think it's my duty, yeah." *Id*. at 92:14–18. There was not even a hint of any mental-health problem during *voir dire*, and no indication that Juror 8 was dishonest about her mental condition. It is thus highly unlikely that defense counsel could have made a successful motion to strike Juror 8 for cause.

Under Rule 606(b), the court may not consider Juror Number 8's email in determining whether she was dishonest during *voir dire*. Rule 606(b) bars "juror testimony during a proceeding in which a party seeks to secure a new trial on the ground that a juror lied during *voir dire*." *Warger v. Shauers*, 574 U.S. 40, 44 (2014). But even if the email could be introduced and relied upon, it reveals only that the pressure that Juror 8 felt during deliberations triggered a change in her mental

condition. That she had panic attacks during deliberations in response to pressure from other jurors reveals no dishonesty on her part during *voir dire*, at which point she could not have anticipated the dynamics of the deliberations.

### III.   Conclusion

The court has revealed the identity of Juror 8, as requested by Defendant. It denies Defendant's request for an extension of time to file a motion for new trial because such an extension is not necessary. The court denies Defendant's request to question Juror 8 about issues raised by the email that she sent to the court. A juror's mental health is a sensitive matter under any circumstances, and Juror 8, in particular, reportedly suffers from "chronic anxiety." Defendant has not proffered clear evidence of mental incompetence or dishonesty during *voir dire* that would justify subjecting Juror 8 to questioning by defense counsel. No further action is required because a motion for a new trial would be futile.

Accordingly, it is hereby

**ORDERED** that Defendant's Motions for a hearing and to identify the juror are granted; and it is further

**ORDERED** that Defendant's Motion for an extension of time to file a motion for new trial is denied; and it is further

**ORDERED** that Defendant's Motion to examine or interview Juror 8 is denied.

**SO ORDERED.**

_____
FLORENCE Y. PAN
United States Circuit Judge, sitting by designation on the United States District Court for the District of Columbia

Date:   November 1, 2023